# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CHARLESTON G. HARRIS,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:21CV00439 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **J. C. STREEVAL,** | ) | Judge James P. Jones |
| | ) | |
| Respondent. | ) | |

*Charleston G. Harris, Pro Se Petitioner.*

The petitioner, Charleston G. Harris, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. I find that his petition and his recent motion seeking interlocutory relief must be summarily dismissed.

Court records and decisions available online indicate that Harris is serving a federal criminal sentence imposed in 2017 by the United States District Court for the District of Maryland. At the time he filed his § 2241 petition, Harris was confined at the United States Penitentiary in Lee County, Virginia, which is located within this judicial district. Liberally construed, Harris's petition alleges that in violation of Federal Bureau of Prisons (BOP) policies, he has been wrongfully denied a transfer to a medium security or lower-level prison facility without due process; he has been barred from using the BOP computer system for electronic messaging or email; and officials have refused his request to update his medical

records to show current and past conditions and complaints. As relief in this action, Harris seeks a court order directing prison officials to correct these policy violations by transferring him, allowing him email access, and updating his medical documentation.

A habeas corpus petition filed pursuant to § 2241 can be an appropriate method for a prisoner to challenge the validity and length of his confinement, but generally not the conditions of that confinement.[1] *Preiser v. Rodriguez*, 411 U.S. 475, 498–499 (1973). Indeed, habeas petitions are traditionally brought to challenge "the very fact or duration of [the prisoner's] physical imprisonment." *Id.* at 500; *Wilborn v. Mansukhani*, 795 F. App'x 157, 163–64 (4th Cir. 2019) (unpublished) (noting that there is a circuit split regarding whether conditions of confinement claims are cognizable in a habeas proceeding and declining to depart from prior unpublished holdings that conditions of confinement claims are not cognizable under § 2241).

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." An inmate's challenge to the

---

[1] "As a general matter, a federal prisoner must challenge the execution of a sentence under 28 U.S.C. § 2241," and challenge the legality of the conviction or sentence using a motion in the sentencing court "under 28 U.S.C. § 2255." *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015). Section 2255(e), also known as the "savings clause," provides that a § 2241 habeas petition may present these latter types of claims only if a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

> circumstances of his confinement, however, may be brought under [in a civil rights action under 42 U.S.C. ]§ 1983.[2]

*Hill v. McDonough*, 547 U.S. 573, 579 (2006) (citations omitted).

Harris contends in his § 2241 petition that BOP officials have refused him a transfer, denied him access to email, and failed to update medical records. None of these claims contests the fact or the length of Harris's physical confinement. Rather, his complaints focus on the living conditions and circumstances he is experiencing while in confinement. Therefore, his claims are inappropriate for consideration under § 2241. For the reasons stated, Harris's petition fails to state any ground for habeas relief under § 2241. Therefore, I will summarily dismiss his petition without prejudice.

---

[2] Section 1983 authorizes civil actions against state actors for violations of constitutional rights. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971), the Supreme Court created a counterpart to § 1983 permitting individuals to bring a lawsuit against a federal actor for violating a right guaranteed by the Constitution or federal law.

I could treat Harris's submission as a civil rights action. Courts must read a pro se litigant's allegations in a liberal fashion and hold their pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). I decline to construe Harris's petition liberally as raising *Bivens* claims, however, because he fails to name any federal official as a defendant, fails to offer a factual chronology of his allegations, and presents improperly joined claims. Moreover, should Harris wish to pursue his unrelated claims concerning email access, a transfer, and medical documents in one or more new and separate *Bivens* actions, he would be required first to exhaust all available administrative remedies as to each claim, 42 U.S.C. § 1997e(a), and to pay, or agree to pay, the $350 filing fee for each such lawsuit, 28 U.S.C. § 1915(b).

Finally, Harris recently submitted a letter motion, ECF No. 6, asking the court to order BOP officials immediately to allow him access to email, and to order his transfer to a certain prison close to his home, where he believes he could complete a particular rehabilitation program to better prepare himself for release from prison. Liberally construed, this submission seeks an amendment of the petition to raise a new claim seeking interlocutory injunctive relief and new factual details. Because I have already found that Harris's claims in his initial petition are not properly raised in a § 2241 petition, I will dismiss his proposed amendments as futile.

A separate Final Order will be entered herewith.

DATED: October 8, 2021

/s/  JAMES P. JONES
Senior United States District Judge